IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN AMISON,

                Petitioner,          Case No. 3:03 CV 7445

  -vs-

                                       MEMORANDUM   OPINION
UNITED STATES OF AMERICA,         AND   ORDER

                Respondent.

KATZ, J.

Petitioner, Sean Amison, acting *pro se* has filed a "Petition for Specific Performance Regarding Plea Agreement" (Doc. No. 16). He also seeks relief from judgment from this Court's denial of his previous § 2255 motion to vacate and the right to reopen his original § 2255 motion. He claims that the relief from judgment is pursuant to Fed. R. Civ. P. 60(b)(6). For the reasons which follow, the Court will deny those motions.

## BACKGROUND

This case began in 2001 with a one count indictment filed in this District charging Amison and 13 co-defendants with, among other things, conspiracy to distribute and possess cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a plea agreement entered into on March 13, 2002, Amison admitted he was involved in the conspiracy, stipulated that he conspired to possess with intent to distribute between 150 and 500 grams of cocaine (base offense level 34), and waived his right to appeal his sentence on any ground, including filing any motion under 28 U.S.C. § 2255. He was thereafter sentenced to a term of imprisonment of 151 months to be followed by 5 years of supervised release; no direct appeal was taken.

On July 23, 2003, Amison filed a motion to vacate his sentence pursuant to § 2255 raising three claims of ineffective assistance of trial counsel. This Court denied that motion on October 8, 2004 (Doc. No. 7).

On March 2, 2004, Amison filed three documents with this Court: 1) a motion to reopen the time to file a notice of appeal; 2) a notice of appeal; and 3) an application for a certificate of appealability. This Court denied all of those requests. (Doc. No. 12). On November 8, 2004, the Sixth Circuit denied Amison's application for a certificate of appealability and on October 26, 2005 the United States Supreme Court denied Amison's petition for a writ of certiorari.

That leads to the instant pleading and memorandum in support thereof. The government has responded in an exceptionally well-reasoned memorandum which contains a State of the Law section beginning at page 3 of that memorandum. Thereafter, the Government addresses each of the multiple issues now before this Court. The Court will address each of those issues briefly.

## DISCUSSION

I. AMISON HAS WAIVED HIS RIGHT TO APPEAL OR TO CONTEST HIS SENTENCE

Amison's plea agreement contains a waiver of his right to appeal his sentence on almost any ground, including a proceeding under § 2255. This Court, the Sixth Circuit and other courts of appeals have upheld those waivers of rights of collateral attack, excepting with respect to ineffective assistance of counsel. *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999). Moreover, when this Court denied Amison's initial § 2255 petition, it ruled that Amison had knowingly waived the right to appeal his sentence when executing his negotiated plea agreement, which plea agreement was adopted by this Court. (Doc. No. 7). The Court agrees that for this reason alone Amison's petition should be dismissed.

II. A TYPOGRAPHICAL ERROR OCCURRED IN AMISON'S PLEA AGREEMENT

Clearly, the reference in paragraph 7 of the plea agreement to "at least 150 grams but less than 500 grams of cocaine" and assigning that base offense level 34 was an error and should have read "cocaine *base*". However, the offense level and the history of this case indicates clearly that the Defendant and the Government intended to and did elect the appropriate base offense level for crack cocaine. There were no objections filed to the presentence report and, at his plea hearing the Court questioned him as to paragraph 7 of his plea agreement and further asked the Assistant United States Attorney to articulate the factual underpinnings for that plea agreement. Joseph Wilson, AUSA, responded in part that Amison "had possessed with intent to distribute between 150 and 500 grams of crack; . . . ."

Everything which occurred during Amison's case before this Court was referable to "crack cocaine" not just cocaine. In light of those facts there is no question in this Court's mind that the typographical error or omission did not cause any prejudice to Amison and cannot serve as a ground to reopen his previously denied § 2255 motion.

III. THERE WAS NO MISTAKE OF CONSTITUTIONAL MAGNITUDE OR COMPLETE MISCARRIAGE OF JUSTICE

This has been covered in section II above.

IV. RULE 60(B) MOTION IS UNTIMELY

All 60(b) motions must be filed not more than one year after the judgment, order, or proceeding to which such motion refers. This motion was filed two years after this Court's order denying § 2255 relief. It is, therefore, untimely and must be denied on that basis.

V. FEDERAL RULE OF CIVIL PROCEDURE 60(B) IS INAPPLICABLE TO AMISON'S CRIMINAL SENTENCE

Clearly, Rule 60(b) is inapplicable to criminal actions, but applies only to civil actions. Rule 1 of Fed. R. Civ. P. so states. As a matter of fact, the mistake which Amison alleges is not within the Court's order denying his § 2255 petition, but in calculating his original sentence. He also alleges that his term of supervised release exceeds the statutory maximum length. The cases cited by the Government clearly uphold its contention that a defendant may not seek relief from a criminal sentence through the utilization of Fed. R. Civ. P. 59(e) or 60(b).

VI. AMISON'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS MERITLESS

The Court need not comment further on this. The plea agreement properly delineated the agreement which Amison reached through counsel.

VII. SECOND OR SUCCESSIVE § 2255 MOTION

Irrespective of the caption on this case, the Court will address it as a second or successive § 2255 petition. Before a petitioner may file a second or successive § 2255 motion, however, he must obtain permission to do so from the Court of Appeals. No such authorization has been demonstrated.

## CONCLUSION

For all of the foregoing reasons, the Court denies the pending motion for relief from judgment and/or to reopen Petitioner's original § 2255 motion.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE